UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELL T. BRUTON             ]
     Plaintiff,             ]
                            ]
v.                          ]     No. 3:08-1195
                            ]     Judge Trauger
CONNIE MARTIN, et al.       ]
     Defendants.            ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Connie Martin, a Probation Officer in Williamson County; Kim Helper, a Williamson County prosecutor; and Susan Logan, an assistant Public Defender in Williamson County; seeking damages.

According to the complaint (Docket Entry No.1) and its attachments (Docket Entry No.3), a hearing was held on June 4, 2007 to determine whether the court should revoke the plaintiff's probation. At this hearing, Helper represented the State and called Martin as a witness. Logan was appointed to represent the plaintiff.

At the conclusion of the hearing, the plaintiff's probation was revoked and he was sent to prison. The plaintiff claims that Martin committed perjury during her testimony. He also alleges that Helper is liable for calling Martin as a witness and that Logan

denied him the effective assistance of counsel.

A state prosecutor has absolute immunity from suit on claims arising out of the performance of their prosecutorial duties. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). The revocation of plaintiff's probation involved a judicial proceeding in which Helper acted in her prosecutorial capacity. Thus, the plaintiff has failed to state an actionable claim against that defendant.

The plaintiff claims that Martin lied while testifying against him. Witnesses in a judicial proceeding, however, are immune from civil liability. Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985). As a consequence, the plaintiff has also failed to state a viable claim against Connie Martin.

Finally, the plaintiff alleges that Logan was ineffective. To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Therefore, plaintiff's allegation that his court-appointed attorney failed to adequately represent him is not actionable here.

The plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is

obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915A.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge